## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GIORDANO | : | |
| 11623 Banes Street | : | JURY TRIAL DEMANDED |
| Philadelphia, PA 19116, | : | |
| *Plaintiff,* | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| DETECTIVE MARGARET MURANO-NIX | : | |
| BADGE NUMBER 928 | : | |
| *individually and in his official capacity* | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| R. SETH WILLIAMS | : | |
| PHILADELPHIA DISTRICT ATTORNEY | : | |
| *in his capacity for the City of Philadelphia* | : | |
| 3 South Penn Square | : | |
| Philadelphia, PA 19107 | : | |
| *Defendants.* | : | |

## COMPLAINT

### INTRODUCTORY STATEMENT

1.      This is an action for compensatory and punitive damages sustained by a citizen of the United States against a detective of the Philadelphia Police Department who falsely detained him, falsely arrested him, filed false charges against him which were not based in fact and/or law, and falsely imprisoned him; as well as the District Attorney who allowed the charges and/or the prosecution to be initiated and maintained.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ l983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4) and the aforementioned statutory and Constitutional provisions.

3.      Plaintiff, Anthony Giordano further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law as they arise out of a common nucleus of operative facts.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Plaintiff, Anthony Giordano is an adult individual who resides at 11623 Banes Street, Philadelphia County, Commonwealth of Pennsylvania.

6.      Defendant, Detective Margaret Murano-Nix, Badge Number 928, is and was at all times relevant to this Complaint, a detective with the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.  She is being sued in both his individual and official capacity.

7.      Defendant, District Attorney of Philadelphia R. Seth Williams, is and was at all times relevant to this Complaint the duly elected District Attorney of the City of Philadelphia, with an office for acceptance of service located at 3 South Penn Square, Philadelphia, Pennsylvania.  As such he was responsible, by himself or through his agents, such as assistant District Attorneys, in the District Attorney's Office, for the filing of charges against any individuals who may be detained, arrested and charged in Philadelphia County, and was also responsible for his agent's training, supervision and conduct.  He was also responsible by law for enforcing the laws of the Commonwealth of Pennsylvania and the regulations of the Philadelphia Police Department and for ensuring

that members of the Philadelphia Police Department obey the laws of the Commonwealth of Pennsylvania.  At all relevant times, he was acting under color of state law.

8.      At all times relevant hereto, defendants, Detective Margaret Murano-Nix Milan and District Attorney R. Seth Williams were acting in the course and scope of their employment and under color of state law and authority.

9.      At all times relevant hereto, defendants, Detective Margaret Murano-Nix Milan and District Attorney R. Seth Williams acted individually and/or through the use of their agents and/or employees.

## FACTS

10.      On or about December 16, 2010 at approximately 6:15 a.m., plaintiff, Anthony Giordano was lawfully present at his home at 11623 Banes Street in Philadelphia, Pennsylvania.

11.      Subsequently, notwithstanding that there was no probable cause to place plaintiff, Anthony Giordano under arrest, Detective Margaret Murano-Nix, either directly or indirectly, detained him, imprisoned him, arrested him and charged him and/or made certain he was charged with Theft by Unlawful Taking, Theft by Deception, Forgery, Fraudulent Destruction of Recordable Instruments, Tampering with Records, Securing the Execution of Documents by Deception, Identity Theft, and Dealing with Unlawful Activities.

12.      The aforesaid charges were based upon the filing of a baseless and fraudulent police report by defendant, Detective Margaret Murano-Nix.

13.     The report was based on a statement that defendant, Detective Margaret Murano-Nix received from Norma Giordano, who is the mother of the plaintiff, Anthony Gioardano.

14.     The information that Norma Giordano purportedly conveyed to defendant, Detective Margaret Murano-Nix was patently false, inconsistent, and was obviously unbelievable.

15.     In fact, if defendant, Detective Margaret Murano-Nix had conducted even the slightest investigation she would have discovered that there was no basis to arrest and charge plaintiff, Anthony Gioardano.

16.     Moreover, if the District Attorney's Office, by and through defendant,

17.     However, defendant, Detective Margaret Murano-Nix, either directly or indirectly, did not conduct any investigation or if she did, it was lacking and therefore unreasonable, and as a result, effectuated the false arrest and unlawful prosecution of plaintiff, Anthony Gioardano.

18.     Further, defendant, District Attorney R. Seth Williams, either directly or indirectly, did not conduct any investigation or if he did, it was lacking and therefore unreasonable, and as a result, effectuated the false arrest and unlawful prosecution of plaintiff, Anthony Gioardano.

19.     Upon information and belief, after plaintiff, Anthony Giordano was arrested his counsel provided the defendant, Detective Margaret Murano-Nix and the defendant, District Attorney R. Seth Williams with information to prove that he was innocent of the charges.

20.     On December 8, 2011, all of the aforesaid criminal charges lodged against plaintiff, Anthony Giordano were finally withdrawn after seven preliminary hearing

listings all of which were continued at the request of the defendants, Detective Margaret
Murano-Nix and District Attorney R. Seth Williams.

21.     At no time relevant hereto did plaintiff, Anthony Giordano violate any
laws or engage in any criminal behavior to justify the unlawful detention, false arrest,
false imprisonment, and malicious prosecution that he received at the hands of
defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams.

22.     In fact, even a cursory review of any purported evidence against plaintiff,
Anthony Gioardano would have indicated that he was innocent of all charges lodged
against him.

23.     At no time relevant hereto could or did defendants, Detective Margaret
Murano-Nix and District Attorney R. Seth Williams reasonably believe that their conduct
toward plaintiff, Anthony Giordano was lawful, privileged, or otherwise permissible
under the laws or Constitutions of the United States and the Commonwealth of
Pennsylvania, or that the laws regarding the rights of citizens such as plaintiff was in any
way unsettled.

24.     The actions and/or inaction of defendants, Detective Margaret Murano-
Nix and District Attorney R. Seth Williams towards plaintiff, Anthony Giordano were
committed deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and
constitute conduct so egregious as to shock the conscience.

25.     Defendants, Detective Margaret Murano-Nix and District Attorney R.
Seth Williams engaged in the aforesaid conduct for the purpose of violating plaintiff,
Anthony Giordano's constitutional rights by subjecting him to be falsely and unlawfully
detained, arrested, charged, imprisoned, and prosecuted.

26.     The actions and omissions of defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams deprived plaintiff, Anthony Giordano of his precious rights, privileges and immunities secured unto him by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

27.     As a direct and proximate result of defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams unwarranted, illegal and unconstitutional actions, plaintiff, Anthony Giordano was unlawfully incarcerated and falsely imprisoned for approximately twenty-four (24) hours.

28.     Also as a direct and proximate result of defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams unwarranted, illegal and unconstitutional actions, plaintiff, Anthony Giordano suffered injuries when he was assaulted and battered during his arrest and search and seizure of his property.

29.     Also as a direct and proximate result of defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams unwarranted, illegal and unconstitutional actions, plaintiff, Anthony Giordano suffered property damage at his home during his arrest and search and seizure of his property.

30.     Also as a direct and proximate result of defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams' action and/or inaction, plaintiff, Anthony Giordano was forced to pay bail in the amount of $1,000.00 in connection with the defense of false and fraudulent criminal charges lodged against him.

31.     Also as a direct and proximate result of defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams' action and/or inaction, plaintiff, Anthony Giordano was forced to incur legal costs and to appear in court on a number of

occasions in connection with the defense of false and fraudulent criminal charges lodged

against him.

32.     As a further result of the aforesaid, plaintiff, Anthony Giordano was

prevented from attending to his daily duties and occupation, to his great detriment and

loss – he lost two days of work.

33.     As a further result of the aforesaid, plaintiff, Anthony Giordano has

suffered and will continue to suffer great mental anguish, physical pain, depression,

nervousness, humiliation, personality change and a loss of natural enjoyment of life and

life's pleasures.

34.     The damages suffered by plaintiff, Anthony Giordano were the direct and

proximate result of the conduct of defendants, Detective Margaret Murano-Nix and

District Attorney R. Seth Williams, jointly, severally, directly or vicariously.


## COUNT I
## PLAINTIFF, ANTHONY GIORDANO V. DEFENDANTS
## CIVIL RIGHTS VIOLATIONS

35.     All the averments contained in paragraphs 1 through 34 of Plaintiff's

Complaint are incorporated at length herein.

36.     As a direct and proximate result of the actions and omissions of

defendants, directly or indirectly, plaintiff, Anthony Giordano was deprived of precious

rights, privileges, and immunities secured unto him by the laws and Constitution of the

United States.

37.     Defendants, directly or indirectly, together and/or with others, conspired

to violate and/or did violate the constitutional rights of plaintiff, Anthony Giordano.

38.     The aforesaid conduct of defendants, was committed alone, together, and in conspiracy with one another.

39.     The actions of defendants, deprived plaintiff, Anthony Giordano of the equal protection of the laws and their rights, privileges and immunities under the laws and the Constitution of the United States, in particular, the Fourth, Fifth, and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; his right to be secure in his person and property, his right to be free from the unlawful detention, to be free from unlawful seizure of his person and from false arrest, to be free from excessive force, to be free from cruel and unusual punishment, and to due process of law, all to his great detriment and loss.

40.     By these actions, defendants, deprived plaintiff, Anthony Giordano of the rights secured unto him by the Constitution of the United States, in particular, the Fourth, Fifth, Eighth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

### COUNT II
### PLAINTIFF, ANTHONY GIOARDANO V. DEFENDANTS
### ASSAULT AND BATTERY

41.     All the averments contained in paragraphs 1 through 40 of Plaintiff's Complaint are incorporated at length herein fully set forth.

42.     As a direct and proximate result of the actions and omissions of defendants, directly or indirectly, plaintiff, Anthony Gioardano was placed in fear of imminent offensive and unpermitted touching and intrusions upon his person.

43.     As a direct and proximate result of the actions and omissions of all defendants, directly or indirectly, plaintiff, Anthony Gioardano suffered offensive and unpermitted touching and intrusions upon his person.

44.     The actions and omissions of all defendants, as described above, were done purposefully with the intent of committing assault and battery and/or were done in reckless disregard of the probability of causing plaintiff, Anthony Gioardano to suffer an assault and battery and these actions did in fact result in an assault and battery, all to his great detriment and loss.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT III
## PLAINTIFF, ANTHONY GIORDANO V. DEFENDANTS
## NEGLIGENCE AND GROSS NEGLIGENCE

45.     All the averments contained in paragraphs 1 through 44 of Plaintiff's Complaint are incorporated at length herein.

46.     The actions and omissions of defendants, directly or indirectly, constitutes negligence and gross negligence under the laws of the Commonwealth of Pennsylvania.

47.     As a direct and proximate result of the negligence of defendants, plaintiff, Anthony Giordano suffered the injuries stated above.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT IV
## PLAINTIFF, ANTHONY GIORDANO V. DEFENDANTS
## MALICIOUS PROSECUTION AND
## MALICIOUS ABUSE OF PROCESS OF LAW

48.     All the averments contained in paragraphs 1 through 47 of Plaintiff's Complaint are incorporated at length herein.

49.     Defendants, directly or indirectly, wrongfully, unlawfully and maliciously prosecuted plaintiff, Anthony Giordano by issuing a complaint which charged him with false and fictitious crimes as stated above.

50.     The actions of defendants, as described above, were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

<u>COUNT V</u>
<u>PLAINTIFF, ANTHONY GIORDANO V. DEFENDANTS</u>
<u>FALSE ARREST AND FALSE IMPRISONMENT</u>

51.      All the averments contained in paragraphs 1 through 50 of Plaintiff's Complaint are incorporated at length herein.

52.      Defendants, directly or indirectly, arrested plaintiff, Anthony Giordano without probable cause, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result thereof plaintiff was falsely imprisoned.

53.      Defendants, directly or indirectly, caused criminal proceedings to be commenced and continued against plaintiff to accomplish a purpose for which criminal process was not designed.

54.      As a direct and proximate result of the actions and omissions of defendants, plaintiff, Anthony Giordano was falsely arrested and falsely imprisoned.

55.      The actions and omissions of defendants, directly or indirectly, were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff to be falsely arrested and falsely imprisoned and these actions did in faction result in false arrest and false imprisonment, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT VI
### PLAINTIFF, ANTHONY GIORDANO V. DEFENDANTS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56.     All the averments contained in paragraphs 1 through 55 of Plaintiff's Complaint are incorporated at length herein.

57.     As a direct and proximate result of the negligence of defendants, directly or indirectly, as described above, plaintiff, Anthony Giordano has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT VII
### PLAINTIFF, ANTHONY GIORDANO V. DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     All the averments contained in paragraphs 1 through 57 of Plaintiff's Complaint are incorporated at length herein.

59.     As a direct and proximate result of the negligence of defendants, directly or indirectly, as described above, plaintiff, Anthony Giordano has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Anthony Giordano demands judgment against defendants, Detective Margaret Murano-Nix and District Attorney R. Seth Williams, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.


                        **LAW OFFICES OF GUY R. SCIOLLA**

                              /s/ Holly C. Dobrosky

Dated: December 16, 2012

                              Holly C. Dobrosky, Esquire
                              Identification No. 65917
                              Attorney for Plaintiff, Anthony Giordano

## JURY TRIAL DEMAND

Plaintiff, Anthony Giordano demands a trial by jury as to each count.

**WHEREFORE**, plaintiff, Anthony Giordano requests the following relief, as to each cause, count and defendant:

a)      compensatory damages in excess of $250,000.00;

b)      punitive damages;

c)      reasonable attorneys fees and costs; and

d)      such further relief as the Court shall deem just and proper.

### LAW OFFICES OF GUY R. SCIOLLA

/s/ Holly C. Dobrosky

Dated: December 16, 2012

Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Anthony Giordano
1910 Land Title Building
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215-972-1544
Telecopier: 215-972-1545